IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD HANLAN JR., ADMINISTRATOR & DIPLOMATIC TRUSTEE;<br><br>*Petitioner,*<br><br>vs.<br><br>THE UNITED STATES GOVERMENT, UNITED STATES POSTAL SERVICE (USPS), DEPARTMENT OF VETERANS AFFAIRS, STATE OF TEXAS, ANY COMPLICIT AGENCY OR OFFICER ACTING,<br><br>*Respondents.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:25-CV-00500-XR |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns *pro se* Anthony Bernard Hanlan Jr.'s Application to Proceed in District Court Without Prepaying Fees or Costs and attached proposed civil complaint. *See* Dkt. No. 6. This case was automatically referred to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas.

Having considered the Application and documentation provided by Petitioner Hanlan Jr., the Court **GRANTS** the request to proceed *in forma pauperis* ("IFP"), Dkt. No. 6. It is recommended, however, that Petitioner's Petition for Writ of Mandamus be **DISMISSED WITH PREJUDICE** as frivolous.

**IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $55.00.[1] The Court, however, may waive the initial filing fee and costs where a petitioner submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

The present Application indicates under penalty of perjury that Petitioner Hanlan Jr. is unemployed and has $0 in a checking or savings account. Petitioner Hanlan Jr.'s monthly payments for housing, utilities, food, and other expenses total approximately $1,800 (though Petitioner categorizes these expenses as "debts or financial obligations"). Petitioner professes to have some source of income but failed to identify it in the Application or state the amount received per month. Nevertheless, the Court concludes Petitioner Hanlan Jr. has sufficiently shown that imposition of the full filing fee would cause undue financial hardship.

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Dec. 1, 2023).

Accordingly, **IT IS ORDERED** that Petitioner Hanlan Jr.'s application to proceed without prepaying court fees or costs, Dkt. No. 1, is **GRANTED**.

**Section 1915(e) Analysis**

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also legally frivolous when the court lacks subject matter jurisdiction over it. *See Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. Jul. 31, 2013).

In evaluating whether a complaint states a claim under § 1915(e)(2)(B)(ii), courts apply the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id*. at 555-56.

Petitioner Hanlan Jr.'s Petition for Writ of Mandamus preceded his application to proceed IFP. *See* Dkt. No. 1. Though initially improperly filed without the payment of the filing fee or filing of an application to proceed IFP, the Court now considers Petitioner's Petition

properly filed. Since his initial filing, but before the Court took up his IFP Application, Petitioner has filed four other motions: Motion to Enforce Recognition of Judicial Fiduciary, Dkt. No. 2; Motion to Enforce Judicial Recognition, Trust Compliance, and Delivery of Protected Estate Interests, Dkt. No. 21; Motion for Service of Fiduciary Notice, Dkt. No. 55; and Motion to Compel and Sanctions for Fiduciary Defaults, Dkt. No. 58. Petitioner has additionally filed 44 advisories in this case, including a filing on an almost daily basis since the beginning of July, and sometimes multiples times in one day. *See* Dkt. Nos. 5, 7-10, 12, 14, 18-19, 20, 22-26, 28-30, 32-54, 56-57, 59. To be clear, none of these filings were requested by the Court or were appropriate under the Court's Local Rules or the Rules of Civil Procedure.

Petitioner's Petition is brought against the U.S. Government, U.S. Postal Service, U.S. Department of Veterans Affairs, State of Texas, and "any complicit agency or officer acting against diplomatic immunities." Dkt. No. 1 at 1. Petitioner cites the "Alien Enemies Act (50 U.S.C. § 21)," "Trading with the Enemy Act (12 U.S.C. § 95a)," "Emergency Banking Act (12 U.S.C. § 95b)," "Vienna Convention on Diplomatic Relations," and "Trust Enforcement Principles and Judicial Oversight" as the bases for his Writ.[2] *Id.* Petitioner alleges minimal and nonsensical facts, most of which are allegations that various government actors and businesses have interfered with Petitioner's "diplomatic, fiduciary, USPS, EPS, and military protections" and obstructed other financial interests of Petitioner. *Id.* at 1-2. Petitioner seeks nonsensical relief related to such allegations, including recognition and enforcement of his "UCC-1 [Uniform Commercial Code] financing statements" and an order for compliance of certain "fiduciary directives." *Id.* Each page of the four-page petition includes additional "claims" for relief, all of a similar character. Petitioner purports to be filing in his capacity as "Diplomatic Military

[2] Some of these statutes are not located at the U.S. Code location Petitioner cites.

Administrative Trustee" and "the Private Military Fiduciary Claimant and Administrator for the International Moorish Military Protected Trust." *Id.* at 3. He appears to have notified, or perhaps seeks to notify, the International Court of Justice and International Criminal Court of his petition, "as a demand for international oversight and intervention should the Western District of Texas fail to act in accordance with its judicial obligations." *See id.* at 4.

One of Petitioner's numerous advisories purports to be a "Clarifying Statement of Claims," but includes no cognizable claim for relief; it certainly doesn't clarify anything either. *See* Dkt. No. 7. Ultimately, many of Petitioner's filings seek to use the Court as an enforcer for Petitioner's attempts to avoid payment of his personal expenses or to obtain assets without payment. *See* Dkt. Nos. 8, 10-12, 20, 23-24, 27, 29, 38, 45, 55. One of Petitioner's filings includes dozens of Uniform Commercial Code financing statements, purportedly asserting liens against Respondents and various other individuals. *See* Dkt. No. 18 at 34-75. Additional UCC financing statements are included in other advisories.

Petitioner's Petition and other filings are rife with hallmarks of a "sovereign citizen" who "base[s] their belief on the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses" and "often attempt[s] to use these beliefs to avoid paying taxes, extinguish debts, and derail criminal proceedings." *Burleson v. U.S.*, C.A. No. 6:22-CV-00660-ADA-JCM, 2022 WL 17732434, at *1 (W.D. Tex. Aug. 25, 2022) (internal citations removed). Petitioner claims to be outside the law in many ways but seeks judicial enforcement for his claims. *See id.* at *2. Similar cases have been found "frivolous and entirely without merit." *See Watson v. Tex. State Univ.*, 829 Fed. Appx. 686 (5th Cir. 2020) (per curiam); *Jennings v. U.S.*, PE-24-CV-00046-DC-DF, 2025 WL 1921786 at *2 (W.D. Tex. June 24, 2025) (collecting a sample of cases finding sovereign citizen claims legally frivolous), *report and*

*recommendation adopted*, No. PE-24-CV-00046-DC, 2025 WL 1921437 (W.D. Tex. July 11, 2025). This case is likewise frivolous and without merit, as well as an unjustifiable drain on precious judicial resources.

An opportunity to amend Petitioner's Petition would be futile. None of Petitioner's materials indicate he has a salvageable claim based on anything other than the legally frivolous theory he invokes. *See Gooden-El v. Tarrant County, Tex.*, Civ. A. No. 4:20-cv-116-O, 2021 WL 793758 at *3 (N.D. Tex. Mar. 2, 2021). Petitioner's Petition for Writ of Mandamus should therefore be dismissed with prejudice as frivolous. *See Neitzke*, 490 U.S. at 325.

**Conclusion and Recommendation**

**IT IS ORDERED** that Petitioner Hanlan Jr.'s IFP Application, Dkt. No. 6, is **GRANTED**. Petitioner Hanlan Jr.'s Petition for Writ of Mandamus, Dkt. No. 1, is now considered properly filed without prepayment of fees, costs, or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Petitioner.

Further, it is recommended that Petitioner's Petition for Writ of Mandamus be **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED** that Petitioner's pending motions, Dkt. Nos. 2, 21, 55, and 58, are **DENIED** as frivolous. Any and all other relief sought, if any, in Petitioner's multitude of advisories is also **DENIED** to the extent such relief is non-dispositive, and it should be **DENIED** by the District Judge if deemed dispositive.

Petitioner is additionally **WARNED** that filing of frivolous motions and advisories in this case may result in the imposition of sanctions, including monetary sanctions, under Federal Rule of Civil Procedure 11.

The District Judge may wish to consider further action against Petitioner to prevent further abuse of the Court with voluminous frivolous filings.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 27th day of August, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE