**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANTHONY BERNARD HANLAN JR., | § | |
| *Petitioner* | § | |
| | § | SA-25-CV-00500-XR |
| -vs- | § | |
| | § | |
| THE UNITED STATES GOVERMENT, | § | |
| UNITED STATES POSTAL SERVICE | § | |
| (USPS), DEPARTMENT OF VETERANS | § | |
| AFFAIRS, STATE OF TEXAS, ANY | § | |
| COMPLICIT AGENCY OR OFFICER | § | |
| ACTING, | § | |
| *Respondents* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in this case, filed August 27, 2025 (ECF No. 61) and Petitioner's pending motions (ECF Nos. 63, 64, 66, 69, 72, 73). After careful consideration, the Court issues the following order.

## BACKGROUND

On April 28, 2025, *pro se* Petitioner Anthony Bernard Hanlan Jr. filed a writ of mandamus without paying the filing fee or applying to proceed in forma pauperis ("IFP"). *See* ECF No. 1. On May 8, the Court directed Hanlan to either pay the filing fee or file an IFP motion. ECF No. 4. Hanlan filed an IFP application three weeks later. *See* ECF No. 6.

In the time between his initial filing and the Magistrate Judge's ruling on Hanlan's IFP motion, Hanlan filed four motions[1] and 44 "advisories,"[2] none of which were requested by the Court or appropriate under the Court's Local Rules or the Rules of Civil Procedure.

---

[1] *See* ECF No. 2 (Motion to Enforce Recognition of Judicial Fiduciary); ECF No. 21 (Motion to Enforce Judicial Recognition, Trust Compliance, and Delivery of Protected Estate Interests); ECF No. 55 (Motion for Service of Fiduciary Notice); ECF No. 58 (Motion to Compel and Sanctions for Fiduciary Defaults).

[2] *See* ECF Nos. 5, 7–10, 12, 14, 18–20, 22–26, 28–30, 32–54, 56–57, 59. Hanlan filed "advisories" on an almost daily between July and August, sometimes filing multiple documents per day one day.

On August 27, 2025, the Magistrate Judge granted Hanlan's IFP motion but recommended that his petition for writ of mandamus be dismissed as frivolous under 28 U.S.C. § 1915(e). *See* ECF No. 61. The Magistrate Judge further denied Hanlan's then-pending motions (ECF Nos. 2, 21, 55, and 58) as frivolous, denied "any and all other [non-dispositive] relief sought . . . in Petitioner's multitude of advisories," and recommended that the Court deny any requests for dispositive relief. *Id.* at 6. Finally, the Magistrate Judge cautioned Hanlan that "filing of frivolous motions and advisories in this case may result in the imposition of sanctions, including monetary sanctions" and noted that the Court might consider further action "to prevent further abuse of the Court with voluminous frivolous filings." *Id.* at 6–7.

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A court is empowered to dismiss an IFP case if it finds that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "A complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* A claim is also legally frivolous when the court lacks subject matter jurisdiction over it. *See Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. Jul. 31, 2013).

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.[3] *Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011).

Hanlan's Petition seeks unspecified mandamus relief against Respondents the United States Government, the United States Postal Service ("USPS"), the Department of Veteran Affairs (the "VA"), the State of Texas, and "any complicit agency or officer acting against diplomatic immunities." ECF No. 1 at 1. He cites the "Alien Enemies Act (50 U.S.C. § 21)," "Trading with the Enemy Act (12 U.S.C. § 95a)," "Emergency Banking Act (12 U.S.C. § 95b)," "Vienna Convention on Diplomatic Relations," and "Trust Enforcement Principles and Judicial Oversight" as the bases for his Writ.[4] *See id.*

It is impossible to discern the factual basis for Hanlan's petition from his sparse and confusing allegations, which suggest that various government actors and businesses have interfered with Petitioner's "diplomatic, fiduciary, USPS, EPS, and military protections" and obstructed other financial interests of Petitioner. *Id.* at 1–2. He seeks nonsensical relief related to such allegations, including recognition and enforcement of his "UCC-1 [Uniform Commercial Code] financing statements" and an order for compliance of certain "fiduciary directives." *Id.* Each page of the four-page petition includes additional "claims" for relief, all of a similar character.

---

[3] Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465–66 (5th Cir. 2010). A party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to . . . clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[4] Some of these statutes are not located at the U.S. Code location Petitioner cites.

Hanlan purports to be acting as "Diplomatic Military Administrative Trustee" and the "Private Military Fiduciary Claimant and Administrator for the International Moorish Military Protected Trust." *Id.* at 5. Hanlan also purported to notify, or sought to notify, the International Court of Justice and International Criminal Court of his petition, demanding international oversight and intervention should the Western District of Texas fail to act in accordance with its judicial obligations. *Id.*

One of Hanlan's numerous advisories purports to be a "Clarifying Statement of Claims," but includes no cognizable claim for relief or clarifying factual allegations. *See* ECF No. 7. In general, Hanlan's filings seem to invoke the invoke the authority of the Court to avoid payment of his personal expenses or to obtain assets without payment. *See* ECF Nos. 8, 10–12, 20, 23–24, 27, 29, 38, 45, 55. One of his filings includes dozens of UCC financing statements, purportedly asserting liens against Respondents and various other individuals. *See* ECF No. 18 at 34–75. Additional UCC financing statements are included in other advisories.

The Magistrate Judge recommended that Hanlan's petition be dismissed under 28 U.S.C. § 1915(e) because his claims appear to take root in the "sovereign citizenship" theory, which multiple courts, including the Fifth Circuit, have found to be legally "frivolous and entirely without merit." *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. Nov. 13, 2020) (per curiam) (noting appellant's "reliance on meritless legal theories associated with the sovereign citizen movement," dismissing appeal as frivolous, and imposing sanction); *see also Berman v. Stephens*, No. 14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases from around the country holding the "sovereign citizen" theory legally frivolous).

"Sovereign citizens" claim to be their own sovereigns and, relying on "the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses,"

they often attempt to use these beliefs to avoid paying taxes, extinguish debts, and derail criminal proceedings." *Burleson v. United States*, No. 6:22-CV-00660-ADA-JCM, 2022 WL 17732434, at *1 (W.D. Tex. Aug. 25, 2022).

Courts regularly dismiss such suits under as legally frivolous under 28 U.S.C. § 1915(e). *See Jennings v. United States*, No. PE-24-CV-00046-DC-DF, 2025 WL 1921786, at *2 (W.D. Tex. June 24, 2025) (collecting cases finding sovereign citizen claims legally frivolous), *report and recommendation adopted*, 2025 WL 1921437 (W.D. Tex. July 11, 2025); *Gooden-El v. Tarrant County*, No. 4:20-CV-116-O, 2021 WL 793758, at *2 (N.D. Tex. Mar. 2, 2021) (collecting cases).[5]

The Magistrate Judge further recommended that the Court deny Hanlan leave to amend his petition because "[a]n opportunity to amend Petitioner's Petition would be futile. None of Petitioner's materials indicate he has a salvageable claim based on anything other than the legally frivolous theory he invokes." ECF No. 61 at 6 (citing *Gooden-El*, 2021 WL 793758, at *2).

## DISCUSSION

### I.    Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by

---

[5] *See also Bey v. State of Indiana*, 847 F.3d 559, 560–61 (7th Cir. 2017) (distinguishing tenets of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed *in forma pauperis* in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Barthelemy-Bey v. Louisiana*, No. 19-cv-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted); *Mason v. Anderson*, No. 4:15-cv-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law - not a single time.") (citations omitted)).

the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.   Analysis

Despite the Magistrate Judge's warning against filing further frivolous motions and advisories, Hanlan has filed six additional motions[6] and five advisories[7] since the Report and Recommendation was issued on August 27, 2025. It is not clear which, if any, of these documents should be construed as "objections" to the Report and Recommendation. Among other things, the filings contain a criminal warning issued to Hanlan in 2022 in Tarrant County and tax forms concerning a purported "fiduciary relationship" with the Texas Attorney General and others (ECF No. 69) and rent invoices from a residential property manager (ECF No. 71).

Because Hanlan has not objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

---

[6] *See* ECF No. 63 ("Motion Demanding Vacancy of Office, Naked Trespass & Fraud"); ECF No. 64 ("Motion for Universal Law Enforcement Compliance"); ECF No. 66 ("Motion to Recall, Squash, and Void Warrants"); ECF No. 69 ("Motion for Restitution and Expungement"); ECF No. 72 ("Motion to Compel Account and Fiduciary Obligations and to Assign Receivership"); ECF No. 73 ("Motion to Recognize Custodial Chain, Receivership and Intermediary Handler Duties").
[7] *See* ECF Nos. 65, 67, 68, 70, 71.

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's report and recommendation is **ADOPTED**, and Petitioner's writ of mandamus is **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e). A final judgment pursuant to Rule 58 will follow.

In light of the dismissal of this action, Petitioner's pending motions (ECF Nos. 63, 64, 66, 69, 72, 73) are **DENIED AS MOOT**.

**Finally, a word of caution.** In the five-month pendency of this case, Plaintiff has filed 56 advisories, notices, and supplemental filings[8], totaling over 700 pages, and 13 motions.[9] A district court may sanction a party, including a *pro se* litigant, under Rule 11 if it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous. *See* FED. R. CIV. P. 11(b), (c); *Whittington v. Lynaugh*, 842 F.2d 818, 820–21 (5th Cir. 1988). In addition to the Rules, federal courts have inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

While the Court declines to impose sanctions at this time, Petitioner is **WARNED** that **further abuses of the litigation process may result in sanctions**, including the prohibition of filing future cases *in forma pauperis* except by leave of court.

---

[8] ECF Nos. 5, 7–15, 18–20, 22–26, 28–30, 32–54, 56–57, 59, 60, 65, 67, 68, 70, 71.
[9] ECF Nos. 2, 6, 16, 17, 21, 55, 58, 63, 64, 66, 69, 72, 73.

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Anthony

Bernard Hanlan, Jr., 254 Chapman Rd., Ste 208, Newark, DE 19702, and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 17th day of September, 2025.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE